UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR 1 2 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 4:18CR300 AGF/SPM |
| DANIEL M. GARRISON, | ) ) |
| Defendant. | ) |

INDICTMENT

COUNT ONE

The Grand Jury charges that:

Between on or about January 17, 2017, and on or about April 15, 2017, in the Eastern District of Missouri, and elsewhere,

**DANIEL M. GARRISON,**

the defendant herein, did use any facility and means of interstate commerce, and did knowingly persuade, induce, entice, and coerce T, a minor under the age of eighteen years old, to engage in sexual activity for which any person can be charged with a criminal offense, to wit: the defendant, who was at least twenty-one years of age, persuaded, induced, enticed, and coerced T, a person under the age of seventeen, to have deviate sexual intercourse with him in violation of Missouri Revised Statute, Section 566.064.

In violation of Title 18, United States Code, Section 2422(b).

COUNT TWO

The Grand Jury charges that:

Between on or about April 2, 2018, and on or about April 3, 2018, in the Eastern District of Missouri, and elsewhere,

**DANIEL M. GARRISON,**

the defendant herein, did use any facility and means of interstate commerce, and did knowingly attempt to persuade, induce, entice, and coerce Detective Andrew Sitton of the St. Charles County Cyber Crimes Task Force, who he believed to be a minor under the age of eighteen years old, to engage in sexual activity for which any person can be charged with a criminal offense, to wit: the defendant, who was at least twenty-one years of age, believing Detective Sitton to be a minor under the age of seventeen years old, attempted to persuade, induce, entice, and coerce Detective Sitton to have deviate sexual intercourse with him, in violation of Missouri Revised Statute, Section 566.064, and committed a substantial step thereof.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b) "sexually explicit conduct" to mean actual or simulated--

       (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

       (ii) bestiality,

       (iii) masturbation,

       (iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The "Internet" is a means and facility of interstate and foreign commerce.

3. On or about April 3, 2018, within the Eastern District of Missouri and elsewhere,

**DANIEL M. GARRISON,**

the defendant herein, did knowingly possess material that contains an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a Dell laptop computer containing a 512 GB hard drive that was produced outside Missouri and therefore has traveled in interstate and foreign commerce, and which contained child pornography, including but not limited to one of the following:

1) "9.mp4" – a video file depicting two minor males in a lascivious exhibition of their genitals and pubic area and masturbating;

2) "friends sucking.mp4" – a video file depicting a minor male engaged in oral sex with another minor male;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and punishable under Section 2252A(b)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 2428, upon conviction of an offense in violation of Title 18, United States Code, Section 2422 as set forth in Count Two of the indictment, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense, and any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided

without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
CARRIE COSTANTIN, #35925MO
Assistant United States Attorney