AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )   Case No.  4:18 CR 300 AGF (SPM) |
| DANIEL GARRISON | )           4:18 MJ 1113 JMB |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☒**B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐**(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐**(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐**(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐**(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒**(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒**C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

At the detention hearing, the parties had offered no objection to the factual background set forth in the Pretrial Services Report dated April 5, 2018.  The undersigned adopts and incorporates by reference herein the facts set out in that Report.  Defendant offered additional information which the undersigned has considered.

Defendant is charged with at least one crime involving a sexual exploitation of a minor victim, in violation of 18 U.S.C. § 2422.  Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.  In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community.  In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration."  Abad, 350 F.3d at 797.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:            4/13/2018                                          /s/ John M. Bodenhausen
                                                                United States Magistrate Judge

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

At the detention hearing, Defendant was present and represented by retained counsel.  The parties proceeded by proffer.  At that time, Defendant had not yet been indicted.  The government represented, however, that it intended to seek an indictment within the week.  On April 12, 2018, the Grand Jury returned a three count indictment against Defendant, charging him with enticing a minor to engage in sexual activity, attempting to entice a person Defendant believed to be a minor to engage in sexual activity, and possession of child pornography.

At the detention hearing, the government asked the Court to take judicial notice of the criminal complaint and facts alleged therein.  The undersigned has taken judicial notice of the complaint for the limited purposes of deciding the issue of release or detention pending trial.  The government emphasized that the enticement conduct was initiated on-line and involved the production of child pornography—the affidavit indicates that Defendant requested pictures from his victim.  Defendant participated in two events—one with a confirmed minor and the other with a person he believed to be a minor.  The government noted that Defendant managed to set up the events/encounters in a very short period of time; there was no period of "grooming."  According to the government, no monitoring is sufficient because he could host potential victims in his home even if on lockdown.

Defendant requested release on conditions.  Defendant noted that he used Craigslist and the Grinder app, which are supposed to be for persons 18 and up.  Defendant's attorney acknowledged the factual circumstances involved a minor boy, but contends that Defendant would not seek out others if released.  Defendant is purportedly terrified and would agree not to use a computer or smart devices.  Defendant has strong ties to St. Louis, is educated and married with children in college.  Therefore, according to defense counsel, he is not likely to re-offend.  Defendant lacks any criminal history.

The undersigned finds that Defendant did not proffer sufficient facts to fully rebut the presumption favoring detention with respect to both dangerousness and non-appearance.  Even if Defendant has offered sufficient facts to rebut the presumption, based on the entire record before the Court, the undersigned concludes that there is no condition, or combination of conditions, that would ensure Defendant's appearance as well as the safety of the community.

The undersigned is persuaded by the government's arguments, which rest on strong factual bases, that Defendant poses a risk and danger to the community that cannot be reasonably moderated by available conditions of release.  The evidence against Defendant is particularly strong.  Defendant's conduct involves at two events relating to a desire to have sex with minors, one of which was successful.  Although defense counsel contends that Defendant used Craigslist and Grinder, which purportedly are limited to adults, the facts before the Court do not support a conclusion that Defendant's use of Craigslist and Grinder is favorable to him.  For

example, Defendant successfully used at least one of those sources to engage in sexual activity with a minor. Second, based on the Indictment returned, there is probable cause to believe that Defendant also obtained and possessed child pornography involving minor males, in addition to the pictures he obtained/solicited from the actual victim in this matter.  Third, the events charged in counts 1 and 2 of the Indictment occurred more than a year apart in time.  Thus, any suggestion that Defendant accidentally encountered a minor boy as alleged in this matter, or that Defendant's conduct was isolated or an accidental event is not given any weight by the undersigned.  Furthermore, the affidavit indicates that Defendant used a pseudonym when communicating with the minor victim in this matter.

Although Defendant lacks criminal history, he faces a mandatory minimum sentence of 10 years and a maximum term of life on each of counts 1 and 2.  Defendant has a history of mental health issues in the past but discontinued medication many years ago.

For the foregoing reasons, the government's motion for pretrial detention is granted.